AUGUSTUS HARLOW v. GEORGE L. GREEN.

*Action. Case. Fraud. Warranty.*

An action on the case will lie for false and fraudulent representations made by a vendor of land, in regard to the quantity of the same.

When a person had purchased land, relying upon the fraudulent representa- tions of the vendor as to the quantity, and had paid for the same, but had not taken a deed, *Held,* he might nevertheless maintain an action for such fraudulent representations.

The form of declaration for false warranty of personal property used in this State, is adapted to a declaration on the case for false representations in the sale of real estate.

Action on the case for false warranty in sale of land.

The first count of the declaration was as follows : " For that

whereas, the said plaintiff, on the 3d day of October, A. D., 1857, at Randolph aforesaid, bargained with the said defendant to buy of him a certain farm of the said defendant, whereon the said defendant then lived, situate and being in said Randolph; and the said defendant then and there, to wit at said Randolph—well knowing that the north line of the meadow on said farm was not straight but was curved, and that the farm aforesaid contained less land than would have been included in said farm, if said north line had been straight and not curved, and well knowing that one acre and one hundred and forty-seven rods of land which would have been included in said meadow, if said north line had been straight, was not the land of the defendant, and was not a part of said farm, by then and there, to wit at said Randolph, falsely and fraudulently warranting the said north line of said meadow to be straight, and not curved, falsely, fraudulently and deceitfully sold the said farm to the plaintiff, at and for a certain sum of money, to wit: the sum of thirty-seven hundred dollars, to be paid therefor by the said plaintiff to the said defendant. And the said plaintiff relying upon the said warrant of the said defendant, then and there bought said farm of the said defendant, and then and there paid to said defendant the said sum of thirty-seven hundred dollars, as the price of said farm : Whereas, in truth and fact, said north line of said meadow was not straight, but was curved, and one acre and one hundred and forty-seven rods of said meadow so as aforesaid bought by plaintiff of said defendant, and by said defendant sold to said plaintiff, was not a part of said farm, and was not the land of the defendant.

By means of which premises the said plaintiff lost great gains and profits, which he otherwise would have made and derived from the purchase of said farm, and was put to great charges and expenses at Randolph aforesaid, and so the defendant at Randolph aforesaid, on said 3d day of October, A. D., 1857, deceived and defrauded the plaintiff."

The second count was like the first, except that it also alleged that plaintiff relying upon said " warrant," not only purchased and paid for said land, but also accepted a deed thereof with the usual covenants of warranty.

To this declaration the defendant filed a general demurrer.

· The county court, at the June Term, 1860,—BARRETT, J., presiding, *pro forma*, adjudged the declaration insufficient, and rendered judgment for the defendant, to which the plaintiff excepted.

*P. T. Washburn*, for the plaintiff.

*P. Perrin* and *Converse & French*, for the defendants.

POLAND, CH. J. The important question in this case is whether a vendor of real estate, who induces the trade by making false and fraudulent representations to the purchaser, in relation to the quantity of the land, is liable in an action on the case therefor. Nothing is better settled than that the seller of personal property is liable in damages to the purchaser, if he make fraudulent representations in relation to the qualities of the property sold, whereby the purchaser is deceived and defrauded.

Why should not the same principle apply to real estate ? The reason given is, that it would violate that provision of the statute of frauds, which requires that all contracts in relation to any interest in lands should be in writing, in order to be enforced by suit. But the statute does not provide that a party shall not be liable for any fraud committed in the sale or purchase of real estate, unless the fraud be evidenced by writing. We are unable to see any sound reason why a party should not be made liable to an action for fraud, in a contract in relation to land, as well as in a contract for the sale of goods, or to discover how such a doctrine conflicts with the statute of frauds. The fraud is an independent matter outside the contract.

But the affirmative of this question seems to be abundantly sustained by the authorities.

In an old case, *Elkins* v. *Tresham*, 1 Levinz 102, it was decided that an action would lie for falsely affirming that premises were let at £42 *per annum*, when they were let at only £32.

So when land was sold and conveyed with covenants, but the land had no real existence, and this known to the seller, so that he acted fraudently, he was held liable in an action for the fraud. *Wardell* v. *Fosdich*, 13 John. 326.

When land was sold bordering on a river, and the seller fraud-

ulently represented to the purchaser that he was entitled to the adjacent land under water, by applying to the commissioners of the land office, it was held case would lie for the fraud. *Monell et al.* v. *Colden*, 13 John. 395.

So for fraudulently representing premises to be free from incumbrances, case has been sustained against the vendor of real estate, *Culver* v. *Avery*, 7 Wend. 286; *Ward* v. *Wiman*, 17 Wend. 193.

In *Sanford* v. *Handy*, 24 Wend. 260, it was decided, that a ve..dor of land is liable for a false representation as to its location, or as to the cost of the land.

*Whitney* v. *Allaire*, 1 Comstock 305, was the case of a lease of a water lot, and the lessor's right to a wharf adjoining. The lessee proved that the lessor fraudulently represented that he owned the whole wharf, when in fact he only owned a part of it, and the lessee was obliged to pay to another rent for the use of that part.

It was held that the lessor was liable for such representation; that where one sells or leases land, and makes fraudulent representations as to the territorial extent of the land, or as to the title, he will be liable to an action. In this case the authorities are ably reviewed by GARDINER, J. and these conclusions announced. Several of the judges dissented from the judgment given in the case, but upon other points than those named. BRONSON, J.; expressed some doubts as to the soundness of the decision in this respect, but said he gave no definitive opinion.

For false representations as to the quality of land sold, the seller was held liable in *Bostwick* v. *Lewis*, 1 Day 350. In *Dobell* v. *Stevens*, 3 B. & C. 623, the vendor of a public house was held liable in an action to the vendee, for false representations as to the business of the house. The objection of BRONSON, J., in *Whitney* v. *Allaire*, to sustaining the action for representations as to the title, or the limits of land sold, was, that the ordinary course of business is, that, if it be intended that the vendor shall answer for the title, covenants will be inserted in the deed. A pretty good answer to this suggestion is, that the purchaser by such representations may be induced not to require a covenant, and, in relation to the quantity of the land, it is not usual in this state that deeds of conveyance contain any covenants as to the quantity of the land.

Harlow *v.* Green.

This doctrine is fully stated by Sir Edward Sugden in his treatise on Vendors vol. 1, pages 273 and 275, secs. 22 and 28.

It is said that in this case the sale was made upon the farm, that the direction of the line, which is alleged to have been falsely represented, must have been open and visible to observation, and that if the defendant did falsely warrant, or assert, in relation to it, the plaintiff could not thereby have been deceived, unless he was wanting in that vigilance and care, which the law requires of every man. But these are considerations that cannot be regarded on demurrer, but might be very important, and perhaps conclusive, in a trial of the merits.

The form of the declaration is also objected to. One objection to the first count is, that it is not alleged that the defendant had conveyed the farm to the plaintiff. But we do not regard this as important. If the plaintiff had purchased and paid for the farm, he was as well entitled to an action for any fraud upon him in the sale, as if he had taken his deed.

It is also objected that it does not appear from the declaration, that the defendant made any false representations or affirmations as to the line ; that both counts allege that by falsely warranting the line, &c., he induced the plaintiff to purchase, and that the word warrant, only implies some contract, and if that was broken the action must be upon that. This would be true if the declaration stood upon that alone; but when the declaration proceeds to allege that this was false, and known to be so by the defendant, and done to deceive and defraud the plaintiff, it is equivalent to saying that he so represented or affirmed, or rather it is more than equivalent to such words.

The declaration appears to have been copied from a form given by Mr. Chitty, a most approved author in that department of the law, and the fact that he gives such a form is pretty good authority that such an action will lie.

The form of the declaration is in substance the same as that almost universally used in actions brought to recover damages for fraudulent representations made on sales of personal property. We are of opinion that the declaration is good, both in form and substance, and that the *pro forma* judgment of the county court against it must be reversed.