CHAUNCEY C. WHITTON v. BLISS GODDARD.

*Case.*    *Fraudulent  Representations.*    *Warranty.*    *Demurrer.*
*Pleadings.*

An action on the case will lie for fraudulent representations in the sale of real
    estate.

Where it was alleged that in a conversation between the parties concern-
    ing the purchase of the land in question, the defendant, to induce the
    plaintiff to make the purchase, fraudulently and deceitfully represented,
    asserted, affirmed and warranted the premises to have and contain thereon
    3,000 spruce logs, (meaning that there were spruce trees growing thereon
    that would cut and make three thousand spruce logs of the usual and cus-
    tomary size and quality,) which the plaintiff believed to be true, and not
    knowing to the contrary bought the premises and paid the defendant a cer-
    tain price therefor, and took a conveyance by deed of the defendant; and
    that the representations were false and known to be false by the defendant,
    the declaration was held good upon demurrer.

The words used to induce the purchase must be taken to have been used and
    understood in the sense attributed to them in the declaration, if the truth of
    the *inuendo* could legally be proved under this declaration; and in this case
    it was fairly within the scope of the declaration for the plaintiff under the
    general issue to prove, and the jury to find that the words were used and
    understood by the parties in the sense alleged.

Whitton *v.* Goddard.

Under the demurrer it cannot properly be objected that it was matter of opinion as to the amount and quality of timber, of which the plaintiff could have judged as we'' is the defendant. This would be matter of proof on trial unde a traverse.

ACTION ON THE CASE for deceit and false warranty on the sale of certain real estate by the defendant to the plaintiff. The defendant demurred generally to the whole declaration.

Upon the hearing on the demurrer, June Term, 1862,— KELLOGG, J., presiding,—the court adjudged the declaration to be insufficient, and rendered a judgment in favor of the defendant. To the said decision and judgment the plaintiff excepted.

The fraud alleged is in substance set forth in the opinion of the court.

*H. V. Fowler*, for the plaintiff.

*Butler & Wheeler*, for the defendant.

PECK, J. This is an action on the case for a fraud in the sale of a lot of land by the defendant to the plaintiff. The declaration is in usual form, counting on false and fraudulent representations and warranty as to the amount of timber on the lot, alleging the *scienter*. The question is as to the sufficiency of the declaration upon general demurrer. The fraud alleged is in substance, that the defendant, to induce the plaintiff to make the purchase, fraudulently and deceitfully represented, asserted, affirmed and warranted the premises to have and contain thereon 3,000 spruce logs, (meaning that there were spruce trees growing thereon that would cut and make three thousand spruce logs of the usual and customary size and quality,) which the plaintiff believed to be true, and not knowing to the contrary bought the premises and paid the defendant a certain price therefor, and took a conveyance by deed of the defendant ; that the representations were false and known to be false by the defendant. There is no doubt but an action on the case will lie for fraudulent representations in the sale of real estate. It was so decided by this court in Orange county, at the March Term, 1861. In that case the false representation was in reference to the location of the line, and affected the quantity of the land. The same prin-

Whitton *v.* Goddard.

ciple was recognized in a case decided in Rutland county at the February Term, 1862, in which the fraud was set up and held to be a good defence to an action on a note given for a part of the purchase money, the damages occasioned by the fraud being equal to or greater than the amount of the note. The fraud in that case consisted in a misrepresentation of the location of the land, and which materially affected its quality and value. In these cases it was held that a deed with covenants is no bar. But in this case it is insisted by the defendant's counsel that, as it is alleged that the representation was that there were three thousand logs on the premises, it does not appear that the representation related to the property sold, as logs are not land, and even if on the premises at the time of the sale, they would not pass by the deed. This might be so if we take the representation literally, unexplained by the *inuendo;* for the counsel are right in claiming that a false representation, in order to constitute a ground of action, must not relate to a matter collateral, but must have reference to the subject matter of the sale, or at least appear to be so far connected with it as to affect its value. But the pleader goes further in this case, and adds that the defendant thereby meant that there were spruce trees growing upon the land that would make three thousand logs, and that the representation was made in a conversation between the parties relating to the sale of the land. We must take the words to have been used and understood in the sense attributed to them in the declaration, if the truth of the *inuendo* could legally be proved under this declaration. We think it would be fairly within the scope of this declaration for the plaintiff, under the general issue, to prove, and the jury to find, that the words were used and understood by the parties in the sense alleged. Whether the *inuendo* can extend the meaning to what is said as to the quality of the logs is doubtful, but this is not necessary to the sufficiency of the declaration. This objection can not prevail.

It is objected that the kind and amount of timber upon the lot is in its nature a matter of opinion of which the plaintiff could have judged as well as the defendant, and therefore no action will lie on such representation. This may or may not

prove to be true on trial under the general issue. If the plaintiff bought the lot on inspection and examination, the defendant might claim before the jury that it was meant only as a matter of opinion as to which each judged for himself, and that it was not relied on by the plaintiff as an inducement to the trade. But if the plaintiff had not seen the lot, and bought without any other means of knowledge than the defendant's representations, it might be otherwise. All this would be matter of proof under a traverse of the declaration. The plaintiff alleges that he supposed and believed the representation was true, and that he had no knowledge to the contrary, and that the defendant knew it was false. This allegation we must take as true, and we can not say in the face of this allegation that it was only a matter of opinion, or that it was not relied on by the plaintiff. Nor can we say that the plaintiff had not a right to rely on it. If the defendant wished to controvert these facts he should have taken the question to the jury. The second count in the declaration is therefore good. The other count we have had no occasion to examine, as it is abandoned by the plaintiff's counsel in argument. The judgment of the county court is reversed, and it is adjudged that the second count of the declaration is sufficient, and the case is remanded for assessment of damages.