## JACOB S. NEWELL v. EZRA HORN.

One, who has been induced to purchase and take a conveyance of real estate described as "lot No. 66," in, &c., by the false and fraudulent representations of the vendor that the boundaries of that lot were certain specified lines, including two parcels, which in fact were not parts of the lot, may maintain an action on the case against the vendor for such false and fraudulent representations.

CASE for deceit in the sale of a lot of land described as "lot No. 66 in Dummer, by the defendant to the plaintiff; the declaration, which was made part of the case, alleging false and fraudulent representations by the defendant that the true lines of the lot were so situated as to include two parcels of land, which in fact were not part of the lot.

The deed given by Horn to plaintiff conveyed lot numbered 66 in said Dummer, containing one hundred acres more or less. Plaintiff's evidence tended to show that defendant, some three weeks prior to the execution and delivery of his deed, bargained to sell the plaintiff this land as lot 66, and represented and warranted to the plaintiff that the east line of said lot commenced on the south at a certain beech tree, and thence northerly so as to include about thirty-seven acres on the east, and that the north line of said lot was in a particular place, which would include about three acres on the north more than said lot 66 when properly run out actually contained; and there was some evidence that these representations were fraudulently made. No evidence of title to the lands on the north and east of said lot 66 was introduced, except that it appeared from the plaintiff's testimony that the defendant had been in possession of these pieces of land on the north and east of lot 66, for some seven years before he conveyed to the plaintiff, and that the plaintiff had been in possession of the same since his deed without any interruption or disturbance, except that one Pierce had, in 1860, made a claim on the plaintiff for damages for the occupancy of this piece lying east of lot 66, but it did not appear that Pierce had any right or title to the land.

The plaintiff rested his case, and the defendant moved for a nonsuit upon the ground, that, as this was a contract for the sale of real estate and not in writing, no action could be maintained upon it; and also that the verbal contract proved was inadmissible as tending to contradict the deed which was afterwards given; and also upon the ground, that, upon the plaintiff's evidence showing Horn to have been in possession as above stated, and in the absence of all other evidence of title, he must be presumed to be the legal owner of these pieces; that he would be estopped, on the plaintiff's showing, to deny that the true bounds of lot 66 were not where he had represented them to be, as against the plaintiff; and that upon the plaintiff's evidence he holds and can hold to the bounds described, whether lot 66 really extended to them or not.

The court ordered a nonsuit and the plaintiff excepted.

*Ray*, for plaintiff.

*Burns & Fletcher*, for defendant.

The nonsuit was properly ordered :

1.  If assumpsit had been brought on the parol contract set up in the declaration, it could not have been sustained, for the following reasons : Because it was parol evidence of a contract relating to land, and so was within the statute of frauds ; and also for the reason that it was made long before the execution of the deed, which was a consummation of the contract, and in and by which all the parol stipulations and representations, upon which the purchaser is supposed to rely, are merged ; and to introduce such evidence as was offered by the plaintiff would contradict the very terms of the deed.  *Cook* v, *Combs*, 39 N. H. 592 ; also 5 Viner. Abr. 516 ; *Galpin* v. *Atwater*, 29 Conn. 93 ; *Dean* v. *Mason*, 4 Conn., 428 ; *Mumford* v. *McPherson*, 1 John. 414.

2.  The plaintiff's action is case for a false warranty ; and this mode of declaring does not place him in a more favorable attitude to recover. *Pickering* v. *Dawson*, 4 Taunt. 779 ; *Salem India Rubber Co.* v. *Adams*, 23 Pick. 256.

3.  There was no evidence to prove that defendant had not a title to all the land that plaintiff claims to have bargained for.  Defendant was in possession, and that is *prima facie* evidence of title.

4.  The plaintiff had equal means of knowing where the lines of the lot were as the defendant.  *Medbury & others* v. *Watson*, 6 Met. 247.  The case of *Dobell* v. *Stevens*, 3 B. & C. 623, cited by plaintiff's counsel, was for a false representation in regard to the rent and business of a public house, and that is an exception, and not an authority in this case, for that representation was peculiarly within the knowledge of the seller and the parties had not equal means of knowledge on the subject.

BARTLETT, J.  "A false affirmation, made by the defendant with intent to defraud the plaintiff, whereby the plaintiff receives damage, is the ground of an action upon the case in the nature of deceit."  *Pasley* v. *Freeman*, 3 T. R. 51.  This principle applies to the case where a party is induced to purchase and take a conveyance of land by false and fraudulent representations as to material matters, *Page* v. *Parker*, 40 N. H. 69, S. C. 43 N. H. 369, *Knox* v. *Bartlett*, (Rock. July T. 1864,) *Sandford* v. *Handy*, 23 Wend. 260, *Wardell* v. *Fosdick*, 13 Johns. 325, *Monell* v. *Colden*, 13 Johns. 395, Rawle on Cov. 613 and 614, *Dobell* v. *Stevens*, 3 B. & C. 623, and, of course, to a case like the present, where the jury might have found that the plaintiff was induced to purchase and take a conveyance of lot No. 66, by false and fraudulent representations that its boundaries were certain specified lines that would include the parcels which are in fact on the north and east of the lot.  *Clark* v. *Baird*, 5 Selden, 183 ; *Whitney* v. *Allaire*, 1 Comst. 305 ; S. C. 4 Denio, 554, 1 Hill, 484 ; *Harlow* v. *Green*, 34 Vt. 379 ; *Peaslee* v. *Gee*, 19 N. H. 279 ; *Sargent* v. *Gutterson*, 13 N. H. 473.  In *Lytle* v. *Bird*, 3 Jones, 222, the decision is put expressly upon the ground that the misrepresentation was as to a matter equally open to the observation of either party.  Whether the grounds,

upon which the decision in *Roswell* v. *Vaughan*, Cro. Jac. 196, would seem to have been placed by the court, might not distinguish it from the present case, we do not propose to inquire, for, however that may be, the case cannot now be regarded as an authority against the view we have here taken. *Bostwick* v. *Lewis*, 1 Day, 257; *Frost* v. *Raymond*, 2 Caines, 193; Story on Com. sec. 833, n.

The plaintiff does not seek to recover for not conveying land not included in the deed, or to claim such land under a parol contract, or to enlarge or alter the contract set forth in the written instrument, but he asks to recover his damages for false and fraudulent representations as to the land which was conveyed by the deed, and consequently a number of the cases cited by the defendant are not in point. *Culver* v. *Avery*, 7 Wend. 380; 1 Smith, L. C. (3d Am. Ed.) 201.

The jury might have found that the plaintiff was induced to purchase the land by the defendant's false and fraudulent representations that its boundaries were in the places he specified, and would consequently include the two parcels of land; but the lot did not in fact include these parcels, and they did not pass to the plaintiff, for the terms of the deed cannot be enlarged by parol evidence. *Sanborn* v. *Clough*, 40 N. H. 326; *Peaslee* v. *Gee*; *Clark* v. *Baird*. The nonsuit must be set aside.