SETH L. RANDALL v. JOSEPH FARNUM.

*Fraud in Contract for Sale of Land. Belief Stated as Knowledge.*

*Semble* that case will lie for fraud in a contract for the sale of land.

In such case it was *held* that the action would lie for stating matter of belief or opinion as matter of knowledge, but that under the circumstances, *q. v.*, defendant should be considered as having stated matter of belief or opinion only as such.

CASE for deceit in the sale of land. The case was referred, and the referee reported in effect as follows :

On November 4, 1869, the defendant by quit-claim deed conveyed to the plaintiff a farm in Jamaica of which he became the owner by like deed on September 27, 1858. Previous to the purchase the plaintiff went onto the farm, and examined it to some extent; and the defendant then pointed out the boundaries to him, and told him the farm was bounded on the west by West River, and that the north and south lines extended thereto. Afterwards but before the execution and delivery of the deed, the plaintiff heard that Eliza J. Divoll claimed to own some of the land on the east side of and adjacent to the river; and on the day of conveyance, but before the execution of the deed, he told the defendant what he had heard. The defendant replied that she did claim to own about nine acres on the east side of the river; but that by the reading of the original deed,—referring to a deed of January 19, 1831, from Daniel Cobb to Jonas French, which the defendant had had in his possession from the time of his purchase, and which described the land as " bounded westerly on West River, and on the west line of the school lot," &c.,—the farm was bounded on the west by the river; and that he had ever occupied, and claimed to own, all the land to the river. The defendant produced the deed referred to, on this occasion, but it did not appear that the plaintiff then examined it. Said Eliza in fact then owned a lot known as lot No. 79, which lay mainly on the west side of the river, but extended across to the east side, and included four acres and one hundred and thirty-seven rods of the land embraced in the description in the deed to the plaintiff; so that the farm thereby conveyed was bounded on the west a portion of the way by that lot; and she had exercised the ordinary rights of ownership over it to some extent ever since the defendant's purchase, and had claimed to own about nine acres on that side of the river. But the defendant had also ever claimed to own to the river, and had occupied the land as such land is usually occupied; and when he made the representations aforesaid, believed them to be true, believed that said lot was wholly on the west side of the river, and that the river was the western boundary. The plaintiff, however, knew nothing about the boundaries, and in purchasing relied on the defendant's representations.

After the plaintiff went into possession he cut wood on the disputed tract, and said Eliza brought an action against him therefor and recovered. The land in controversy was wooded and not used for tillage or pasturage ; and during the time of the defendant's ownership and occupancy there was no fence dividing any portion of that land from the land not in dispute. The south line did not extend to the river.

Question was made on other facts as to a defense under the Statute of Limitations, and question was also made as to the measure of damages ; but, as they do not bear on the question decided, they are not stated.

The court, Ross, J., presiding, at the September Term, 1879, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*Walker & Goddard* and *A. Stoddard*, for the defendant, contended that the case disclosed no deceit, and cited *Cabot* v. *Christie*, 42 Vt. 121 ; *Beeman* v. *Buck*, 3 Vt. 53 ; *West* v. *Emery*, 17 Vt. 583 ; *Chandelor* v. *Lopus*, 1 Smith Lead. Cas. 238 ; *Pasley* v. *Freeman*, 2 Smith Lead. Cas, 157, and cases *passim.*

*E. L. Waterman* and *J. L. Martin*, for the plaintiff.

An action for fraud lies for deceit in a contract for the sale of land, the same as for deceit in the sale of personal property. *Harlow* v. *Green*, 34 Vt. 379 ; *Kelley* v. *Pember*, 35 Vt. 183 ; *Whitton* v. *Goddard*, 36 Vt. 730.

The defendant passed off belief for knowledge, and was therein guilty of actionable fraud. *Cabot* v. *Christie*, 42 Vt. 121.

The opinion of the court was delivered by

VEAZEY, J. This case is to be determined on the facts found by the referee. It appears that the defendant made certain representations to the plaintiff in the sale of a farm which were false, but which the defendant believed to be true ; and that the plaintiff relied upon these representations in making the purchase. The conveyance was by quit-claim deed, and the representations were in respect to the location of the western boundary of the

farm. As the defendant's representations induced the purchase, if the defendant knew or believed they were false when made, the plaintiff would concededly be entitled ·to recover, although made in the sale of land. *Harlow* v. *Green*, 34 Vt. 379 ; *Kelley* v. *Pember*, 35 Vt. 183 ; *Whitton* v. *Goddard*, 36 Vt. 730 ; *Cabot* v. *Christie*, 42 Vt. 121. In the case last cited, which was similar to this in form and purpose, the question arose upon certain requests which the plaintiff made to the court to charge the jury, and upon the charge thereon. The representations were as to the number of acres in the farm, and were made as of the defendant's own knowledge. The defendant erroneously supposed there were as many acres as he represented, but did not in fact know the number. The court there, as in all similar cases, recognized the necessity of establishing fraud on the part of the defendant by which the bargain was induced, in order to entitle the plaintiff to recover, but held that there may be fraud in- the statement of belief as knowledge. That is, that a party has no right to say he knows, or its equivalent, when he don't know, but only believes ; that if he has only belief or opinion, he should not pass that off as knowledge by a statement as of knowledge ; that, in short, he deceives by professing knowledge when he only has opinion. Therefore the learned judge there says : " If the defendant had only a belief or opinion as to the quantity of land, it was an imposition upon the plaintiff to pass off such belief as knowledge." The County Court instructed the jury in that case that the plaintiff could recover only in the event " that the defendant represented the quantity of land different from what he knew or believed to be true." The court put knowledge and belief on the same footing. The Supreme Court said, " under these instructions it would be immaterial whether he made the representations as a matter of knowledge or as a matter of opinion, so long as he kept within his belief as to the quantity of land. In this we think there was error."

It is upon the principle enunciated in that case that the plaintiff here relies. It appears from the report that previous to the purchase by the plaintiff he went on to the farm, examined it to some extent, and the defendant then pointed out to him the boundaries,

and told him that the farm was bounded on the west by West River ; that after this and previous to the execution and delivery of the deed, the plaintiff heard that one Eliza Divoll claimed to own some of the land on the east side of, and adjacent to, the river ; that on the day and before the execution of the deed, the plaintiff told the defendant what he had heard as to Divoll's claim ; that defendant then said she did claim to own about nine acres on the east side of the river, that by the way the original deed read, the farm was bounded on the west by the river, referring to a deed of the same farm from Daniel Cobb to Jonas French, dated January 19, 1831, which the defendant had had in his possession from the date of his purchase in 1858.    In *Cabot* v. *Christie, supra*, the learned judge says : " A sufficient explanation, however, sometimes arises from the nature of the subject itself, or from the situation of the parties being such that the statement of knowledge could only be understood as an expression of strong belief or opinion."    What was the situation of the parties in this case ?    The land in controversy was wooded and none of it used for tillage or pasturage, and there was no fence on the division line.    The plaintiff knew the line was in dispute.    The location of a division line, in a wooded section especially, is very often a matter difficult to determine, therefore a matter about which, when in dispute, it would not ordinarily be expected a party would have positive knowledge.    The defendant did not say he knew the line was where he had previously stated it was, in pointing out the boundaries generally, but when talking about the Divoll claim, he said that by the way the original deed read the farm was bounded by the river, to which he had occupied and claimed to own.    The description of the western boundary in said original deed was as follows :   " Bounded westerly on West River and on the west line of the school lot," &c.    The defendant understood from this description that the entire western boundary was on the West River, and believed that the lot owned by Divoll was wholly on the west side of the river, whereas its eastern boundary was a part of the way on the river and then crossed and took in about four acres on the east side.    The defendant produced the original deed at the time when he executed

the deed to the plaintiff, so that the plaintiff might have read it, although it is not found that he did read it. The false statement of the defendant, therefore, finally comes down to this, that he, by reason of misunderstanding, not with fraudulent purpose, misstated the description of the western boundary in said original deed, but produced the deed. We think that the subject-matter of the representations and the circumstances surrounding the parties were such that the plaintiff had no right to understand the defendant as doing more than stating his belief or opinion ; and that to go further and hold as the plaintiff claims, we should go beyond any previous case, should have to disregard the wholesome and well-recognized rule of *caveat emptor* as that rule has been applied in this State, and should establish a precedent that would be unwise and unprofitable for the guidance of individual dealing. This view renders it unnecessary to pass upon the other point of defense.

*Judgment reversed, and judgment for the defendant for his costs.*