.Charles LaFluer *vs.* A. Berman & Sons.

FEBRUARY 13, 1924.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Warranties.   Contracts.   Matters of Opinion.*

Upon the sale of cows, charge of the court that it was a question for the jury whether statement of seller that they would freshen within a certain time, was made as a matter of opinion and the ordinary prudent business man would so consider it, in which case seller was not liable in case of error or as a statement of fact upon which buyer relied, in which case buyer was entitled to damages suffered as a consequence of such misstatement, was correct.

*(2)   Contracts.   Warranties.   Damages.*

Where cows were sold under a warranty that they would freshen within a certain time, buyer is entitled as an element of damages, to the expense of keeping them before they calved and began to give milk.

*(3)   Contracts.   Warranties.   Damages.*

Where a bull was sold under an agreement that registration papers would be furnished, the keep of the bull for the time buyer was waiting to receive the papers was a proper element of damage.

*(4)   Contracts.   Damages.*

Where plaintiff purchased registered cattle under an agreement that registration papers would be furnished which was not done, and plaintiff was obliged to sell the cattle without the papers, charge that plaintiff was entitled to recover as damages the difference in the value of the cattle, at the time when the certificates should have been given, between registered cattle with and without certificates of registration and the jury might consider in fixing the value of the cattle without papers on the day when the papers should have been delivered, the price for which they were subsequently sold, was correct where the sale was made in good faith and within a reasonable time after the breach of the contract.

Assumpsit.   Heard on exceptions of defendant and over-ruled.

Stearns, J.   Assumpsit to recover damages for the breach of two contracts.

The first count of the declaration charges the sale to plaintiff by defendants on May 11, 1920, of a registered Jersey bull for $75, and the agreement by defendants to deliver to plaintiff within one week thereafter the certificate of registration of said bull.

The second count charges the breach of a similar contract and sale made on the 22nd day of May, of two registered Jersey heifers for $165.

The breach of contract alleged in each of these counts is the failure of defendants to deliver the certificates of registration within a reasonable time.

The third count charges the sale of said heifers with a warranty by defendants that they would freshen in one and two weeks respectively, whereas in fact one heifer calved in seven weeks and the other eleven weeks after the sale.

The sale was the result of two advertisements in a newspaper, in one of which defendants advertised for sale "one thoroughbred Jersey bull with papers, if wanted." In the other, "cows—two two-year old heifers, one will freshen in a week and one in two weeks—papers if wanted."

Defendants agreed at each sale to give to plaintiff certificates of registration and although requests were made by plaintiff therefor, defendants failed to supply the papers.

Plaintiff sold one heifer in August for $55, the other in December for $36, and the bull for $35.   Because of lack of documentary proof of pedigree the cattle were sold as common cattle.   The damages claimed are for the loss thus suffered by the sale as unregistered cattle, the expense of feeding the heifers for the six weeks in one case and ten weeks in the other, beyond the times when defendants had stated the heifers would begin to give milk, and the expense of feeding the bull for seven months until he was sold.

Owing to the lack of the certificate plaintiff was unable to let the bull out to service, and owing to the size and situation of his farm he was compelled to keep the bull in his barn.

After a jury trial which resulted in a verdict for the plaintiff for $270 defendants filed a motion for a new trial which was denied. The case is here on defendants' bill of exceptions. Defendants admit the breach of the contracts to furnish certificates. The only question is whether the amount of damages is excessive. Defendants' claim is that nominal damages only are proper.

The trial justice charged in regard to the statements, that the heifers would freshen in one week and two weeks respectively, it was for the jury to decide whether such statements were made as statements of opinion or of fact; if it was simply the statement of an opinion and the ordinary prudent business man would so consider it, defendants were not liable for such error of opinion; but if it was a statement of fact upon which plaintiff relied, he was entitled to compensation for damage suffered as a consequence of such misstatement. There is no error in this part of the charge. *Ingraham* v. *Union R. R. Co.* 19 R. I. 356. The cost of feeding the heifers before they calved and began to give milk was a loss suffered by plaintiff; during this period plaintiff lost the value of the milk from the heifers which he had a right to expect to receive under the warranty. The expense of keeping the heifers for this time was a proper element of damage. No claim was made or allowed for loss of profits due to inability to make use of the bull because of lack of proof of registration. But the keep of the bull for the time while plaintiff was waiting to receive the papers was a loss to plaintiff caused by the failure of defendants to keep their contract and is a proper element of damage.

The jury were also instructed that if the contract was for sale and purchase of registered cattle with registration papers, the sale was practically a sale with a warranty of quality and the purchaser was entitled to receive all that he bought, namely, registered cattle and also the evidence of

registration.   If he did not receive the evidence of registration, the buyer was entitled to recover as damages the difference in the value of the cattle at the time when the certificate should have been given, between registered cattle with, and without certificates of registration, and they were authorized to consider, if they desired to do so, in fixing the value of the cattle without papers on the day when the papers should have been delivered, the price for which the animals were subsequently sold.   As the sale was made in good faith and within a reasonable time after the breach of the contract, the price received was relevant evidence of the value at the time of the breach.   *Mullen* v. *Eastern Trust and Banking Co.*, 108 Me. 498;   *Belka et ux* v. *Allen*, 82 Vt. 456; *Atherton, Trustee* v. *Emerson*, 199 Mass. 199;   *Hasler Co.* v. *Griffing Florida Orchard Co.*, 133 Ill. App. Rep. 635;   35 Cyc. p. 597 and cases cited.   In *Brown* v. *Bigelow*, 10 Allen, 242, which was an action in contract to recover damages for breach of warranty of a horse, it was held that the measure of damages, namely the difference between the actual value of the article sold and its value if it had been as warranted, was not changed or modified by the fact that the purchaser had subsequently resold it for the same or even a greater price than that which he paid for it.   There was no error in this part of the charge to which objection was taken and there was sufficient evidence in the case to furnish a basis for the assessment of actual damages.

*Weeks* v. *Lee*, 42 S. D. 355, is cited by defendants in support of their contention that the buyer is not entitled to recover the difference between the value of the animals with a pedigree and their value without a pedigree, but is only entitled to recover such other damages as he can prove he actually suffered.   It appears therein that plaintiff bought of defendant a registered bull but failed to deliver the registration papers as he had agreed.   The bull died before the papers were delivered.   As the buyer had used the bull for breeding purposes in his herd, as he had planned to do, it was held that the failure to deliver the papers had caused no

loss to the buyer in the value of the bull and in the circumstances a right of recovery on this ground was denied. But the buyer was allowed to recover for loss in the sale of calves bred from the bull which, owing to defendant's failure to deliver the registry papers, had been sold as common cattle. The correctness of the decision is not questioned. But in the case at bar the buyer had no use of the bull and suffered a loss from the sale. Such loss was a direct and proximate result of defendants' failure to deliver registration papers, for which plaintiff is entitled to recover damages.

The damages are not excessive.

All of defendants' exceptions are overruled. The case is remitted to the Superior Court with directions to enter judgment on the verdict.

*Joseph J. Cunningham*, for plaintiff.

*Henry M. Boss, Jr., Curtis, Matteson, Boss & Letts*, for defendant.