Cole, Ch. J.
The plaintiff’s petition and its several amendments state the cause of action substantially, that plaintiff purchased the land, eighty acres, of defendants; and that pending the pm’chase the defendants represented to and assured the plaintiff that there were on said land trees, standing, fallen and in tops, sufficient to make six hundred cords of wood that would be and was worth $1.75 per cord; that there were six acres of the standing trees; that said representations were false, and so known to be by defendants, and were relied upon by plaintiff. The answer was in denial.
The evidence shows that during the negotiations for the purchase the plaintiff went with one of the defendants in a wagon upon the land, passed near one corner and on to an eminence toward the center of the tract from which they could overlook the whole or nearly so, though the down timber was concealed more or less by the brush and foliage; from this point the defendant pointed out the location of the lines and corners, and represented, according to plaintiff’s witnesses, that the timber on it would make six hundred cords of wood; the plaintiff then and there stated that he could not see any such amount of timber, but did not get out of the wagon to examine further; near the south-east corner of the tract, and across a ravine or slough from where they were, was a grove, and the defendant -pointed out the corner tree there, a lime or basswood, and represented that there were six acres of standing timber on the tract. The evidence also showed that there were not six acres of standing timber, though the lime tree pointed out was the true corner, and that the wood on the tract did not exceed one-third of six hundred cords, and its value was but $1.50 per cord.
*292 The defendants asked the court to give this instruction: “ So far as the under-wood and timber on a piece of land is concerned, the amount thereof is matter of opinion; and if the plaintiff went on the land to examine the land, and what was on it, it was his duty to have satisfied himself as to what was on it, and as to that matter he cannot recover for any deficiency of the wood and timber from the amount there was represented to be by the defendant. If clumsy rhetoric, bad grammar or tautology would justify a court in refusing an instruction, then this was rightly refused. But despite all these the instruction contains a correct principle of law, reasonably intelligible to a common understanding, which was applicable to the facts of the case and should have been given. The plaintiff was upon the land, and had all the opportunities • necessary, then and there afforded him, of determining the number of acres of timber, as well as the quantity of wood on the land — these were, of necessity, matters of judgment, or opinion, and the plaintiff must, under such circumstances, rely upon his own. In morals, a man is not guiltless who intentionally and falsely represents his opinions to another, although that other may have the same facts upon which to form his opinions. But in law, this obligation to truly represent opinions is not enforced, and cannot form the basis of an action when the other party has an equal or fair opportunity to know the facts upon which such judgment or opinion is based.
Again, the court gave this instruction: “ That, in making the purchase of the land, and wood in controversy, the plaintiff had a right to. rely upon the representations of defendant N. J. Jack as being true, when made in regard to any part of the property sold, which could not be seen and was not examined by the plaintiff at the time, and cotdd not be without great inconvenience to him, or without requiring some extraordinary effort on his part to enable him to make personal inspection of such property *293 or parts thereof.” This instruction was erroneous, because tbe plaintiff had no right to rely upon the representations of defendant which were mere matters of opinion, such as the quantity of wood the timber would make, and the like. And a careful reading of the evidence leads us to seriously doubt whether there was any sufficient testimony upon which to base the latter half of the instruction. It surely would not be a “ great inconvenience ” to get out of the wagon; nor would it, so far as shown, “ require some extraordinary effort ” to cross the slough. No artifice was resorted to by defendant to prevent plaintiff from making the fullest examination of the property; but, on the contrary, every opportunity was afforded therefor. The whole action, both in the pleading and proofs, seems to rest upon the false representations as to the quantity of timber or wood upon the land, and these being, necessarily, matters of opinion could not form the basis of a recovery under the circumstances of this case, and the court should have so instructed the jury.
Reversed.