SYLVESTER E. RAWSON *v.* ELBRIDGE W. PRIOR.

*Evidence. Value of Property, What it sells for may be shown. Practice.*

The question being whether the defendant was indebted to the plaintiff, and this turned on whether a certain arrangement as to the latter's hotel, in which the plaintiff had an interest, was completed with definite terms as to payment,—the one claiming that it was, and the other, that it depended on the amount for what he could sell the hotel. The exceptions stated that the value of the hotel and the good faith of the defendant were material,without stating the facts by which the court could determine their materiality; *Held,* (1) that the value of the hotel and the good faith of the defendant must be taken as material; (2) that the defendant's witness, in stating the value, there being no market price, could also state what he paid for the hotel, and the court could not say that there was error, although he purchased several years subsequent to the arrangement; (3) and, as bearing on the issue of good faith, the defendant could prove what he offered to take for the hotel about the time of the arrangement.

ASSUMPSIT. Pleas, general issue, offset, and accord and satisfaction. Trial by jury, September Term, 1881, TAFT, J., presiding. Verdict for the defendant.

The plaintiff's evidence tended to show, that in 1872 he bargained with the defendant for his hotel property, in Jamaica, for the sum of $3,187, to be paid in two installments; that the whole was to be paid on or before October 1, 1873; that he took a bond from the defendant for the conveyance of the same, when he paid as agreed; that he made payments so that $2,000 remained due October 1, 1873; that the defendant brought an action of ejectment against him, returnable at the April Term, 1874, of the County Court, which was continued, and judgment rendered in favor of the said Prior, at the September Term, 1874, the clerk to assess the damages; that said Rawson was given one year from September 25, 1874, in which to pay the amount due on his contract of purchase; that the amount was agreed on at $2,180, including taxes; that during the year following

the judgment, said Rawson endeavored to find a purchaser for the hotel, hoping to sell it and save something for himself, but did not succeed until sometime in August, 1875. He went to Ludlow and saw the defendant, and made an arrangement with him by which the defendant agreed to take back the property and pay the plaintiff the difference between the amount of defendant's claim,—which, with one year's interest, was $2,332,—and the sum of $2,500, which the plaintiff then offered to call the property; that he would pay one half of certain taxes on it, being $40.50; and that he would take plaintiff's furniture in the hotel at such prices as they should agree upon, and would go to Jamaica in a few days, when they would make a list and appraisal of the furniture, and he would take possession. And he wished plaintiff to remain in, and carry on the hotel until he should take possession; and that thereupon plaintiff ceased to make any further efforts to sell the property, and the year of redemption expired, and in a few days thereafter the defendant went to Jamaica, and he and plaintiff agreed on the price of the furniture, and plaintiff paid the whole of said taxes, the amount being taken out of the agreed price of the furniture, and about October 14th, the defendant moved into the hotel with his family, and plaintiff moved out pursuant to said arrangement.

The plaintiff claimed to recover only for the difference between the $2,332 and $2,500, being $168, and the $40.50 for the one half of the taxes, which defendant agreed to pay.

The defendant denied that he made any agreement with plaintiff to pay him anything; but testified that he told plaintiff at Jamaica, about October 9th, and after the expiration of the time of redemption, that if he sold the property during that fall or winter for any more than sufficient to pay what he had in it, he would pay the plaintiff what he could get above that amount.

The value of the hotel property at the various times named was a material question upon the trial, as was the good faith

of the defendant under the arrangement with the plaintiff in making efforts to sell the premises.

The defendant introduced one Tarbell as a witness, who testified that defendant at Ludlow, and just before he moved his family to Jamaica, offered to sell him the hotel for the amount of defendant's claim under his arrangement with Rawson. The defendant also introduced one Barnes as a witness, who testified that he bought the hotel in March, 1880, and paid $2,000 for it. The above evidence was received subject to the plaintiff's objection. The plaintiff produced one Wells as a witness, who testified that just before defendant sold the hotel to Barnes, he told said Wells, that the hotel cost him $2,500, when he took it back from plaintiff; and said Barnes testified, subject to plaintiff's objection and exception, that the value of said hotel at the time of the conversation between defendant and Wells, in March, 1880, was $2,000.

*E. L. Waterman*, for the plaintiff, argued that the testimony of Tarbell and Barnes was not admissible; and cited *Way* v. *Holton*, 46 Vt. 184; *Kimball* v. *Locke*, 31 Vt. 683; *Buzzell* v. *Willard*, 44 Vt. 44; *Lyon* v. *Kidder*, 48 Vt. 42.

*H. F. Wolcott* and *C. B. Eddy*, for the defendant.

Defendant moved on to the property about October 14, 1875, and his offer to Tarbell was made just before this, and after the arrangement with plaintiff, as defendant claimed it, was made.

All defendant did in his efforts to find a purchaser that fall or winter, and his effort to sell for any sum, became admissible, as bearing on the question of whether defendant had done all plaintiff could reasonably demand of him, and had acted in good or bad faith in this matter.

The opinion of the court was delivered by

VEAZEY, J. The statement in the bill of exceptions that the value of the hotel property at the various times named

Rawson *v.* Prior.

was a material question upon the trial, as was the good faith of the defendant under the arrangement with the plaintiff in making efforts to sell the property, is controlling upon this court as to the materiality of those questions, although the exceptions do not set out the facts showing how they were material. We cannot therefore say that the testimony of Barnes as to the value and what he paid for it, even as late as 1880, was inadmissible. What property sells for, which has no regular market price, *may* be proper evidence tending to show its value. The exceptions do not show wherein it was error for the County Court to allow Barnes to state what he paid for the property in connection with his opinion as to its value. Neither can we say from what is shown that the time was too remote. The exceptions are too barren on this point to predicate error thereon.

The testimony of Tarbell was admissible on the ground that it tended to show that the defendant had acted in good faith and tried to sell the property as he had agreed to. The objection that its admission allowed the defendant to make testimony in his own favor is answered by the fact that, upon the defendant's theory as to the arrangement between them, the defendant was to try to sell the property before taking possession. This being his duty, and his good faith in this respect being in issue, the defendant could show what he had done to this end. We think there is no error apparent, and the judgment is affirmed.