ALBERT W. BELKA AND OTTILIE W. BELKA *v.* MARTIN F. ALLEN.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 9, 1909.

*Sales—Fraud—Evidence—Inadequacy of Price—Value of Property—Circumstances—Representations—Fact and Opinion—Questions for Jury—Remoteness of Evidence—Discretion of Court—Exceptions—Sufficiency.*

In an action by a buyer for deceit in the sale of a farm, evidence of its value is material, for the measure of damages is the difference between the actual and the represented value.

Gross inadequacy of price is a badge of fraud on the part of the buyer, which may be considered in connection with other evidence, in an action against him by the seller for deceit in the sale.

Gross exaggeration of price is a badge of fraud on the part of the seller, and is admissible against him in an action by the buyer for deceit in the sale.

In an action by a buyer against a seller for deceit in the sale, evidence of the seller's offer to resell the property to the buyer for one-half the former price is admissible, both to show fraud, and as bearing on the question of damages by affording an index of the value of the property.

Ordinarily the question of remoteness of offered evidence is for the trial court, and its ruling thereon is not reviewable; but such ruling made expressly as matter of law is reviewable.

In an action by a buyer against a seller for deceit in the sale of a farm and personal property, evidence that two years after the sale the seller offered to resell to the buyer for one-half the former price was not too remote to be an index of value at the time of the sale, there being no material change in the value of the farm, though some of the personal property had disappeared.

A fraudulent representation is not actionable unless it be of a past or present fact and not a mere expression of an opinion.

In actions for deceit, the question whether the representation was one of a fact, or only the expression of an opinion, is generally for the jury; but not always so.

Statements of quantity, quality, value, adaptability, or productiveness are usually held to be mere expressions of opinion, and not actionable.

A seller's statement to the buyer of a farm that its growing wood and timber is sufficient to pay for it, based on his judgment alone, is a mere expression of opinion, and is not actionable. *Whitton* v. *Goddard*, 36 Vt. 730, distinguished.

In an action by a buyer for deceit in the sale of a farm, evidence as to the amount of wood and timber thereon is admissible to show its value.

Where the record fails to show on what grounds the trial court based its rulings withdrawing from the jury certain allegations of fraud as grounds of recovery, those rulings cannot be reviewed.

No question was reserved where, without exception to the charge on a particular point, a party called the court's attention to the alleged error and explained his claim about it.

A representation made by the seller of a farm to the buyer as to the number of cows "the place would keep" is susceptible of a construction making it applicable to the present as well as to the future, and its meaning in that regard is for the jury.

CASE for deceit in the sale of a farm. Plea, the general issue. Trial by jury at the September Term, 1908, Chittenden County, *Waterman,* J., presiding. Verdict and judgment for the defendant. The plaintiffs excepted. The opinion states the case.

*Martin S. Vilas* and *Darling & Mower* for the plaintiffs.

It was error to exclude plaintiffs' offered evidence of defendant's offer to resell the property at one-half the former price. Fraud may be proved by circumstances, and gross exaggeration of price is a badge of fraud on the part of the seller. *Gordon* v. *Ismay,* 55 Mo. App. 323; *Stauffer* v. *Young,* 39 Pa. St. 455; *Vigus* v. *O'Bannon,* 118 Ill. 334; *Gist* v. *McJunkin,* 2 Rich. Law 154; *Hough* v. *Dickinson,* 58 Mich. 89; *Kaine* v. *Weigley,* 22 Pa. 179; *Hildreth* v. *Sands,* 2 Johns. Ch. 35; *Devoe* v. *Brandt,* 53 N. Y. 462; Cooley, Torts, 557; *Rea* v. *Missouri,* 17 Wall. 532; *Castle* v. *Bullard,* 23 How. 172; *Kempner* v. *Churchill,* 8 Wall. 362; *Gregg* v. *Sayre,* 8 Pet. 244; *Haffer* v. *Gladden,* 75 Ga. 532; *Zeikel* v. *Douglass,* 88 Mo. 382; *Hopkins* v.

*Sievert,* 58 Mo. 201; *Vance* v. *Phillips,* 6 Hill 433; *Hennequin* v. *Naylor,* 24 N. Y. 139; *Endsley* v. *Johns,* 120 Ill. 469; *Eastman* v. *Premo,* 49 Vt. 360; *McKindley* v. *Drew,* 69 Vt. 210, S. C. 71 Vt. 138; *Harlow* v. *Green,* 34 Vt. 379; *Simar* v. *Canaday,* 53 N. Y. 298; *Bacon* v. *Frisbie,* 15 Hun. 26. The offered evidence was also admissible as tending to prove the value of the property. 20 Cyc. 60; *Hanscom* v. *Drullard,* 79 Cal. 234, 21 Pac. 736; *Picard* v. *McCormick,* 11 Mich. 68; *McClellan* v. *Scott,* 24 Wis. 81.

Defendant's representation as to the amount of wood and timber on the premises was not a mere opinion, but a fraudulent representation as to an existing fact. *Cornelius* v. *Malloy,* 7 Pa. 293; *Laidlaw* v. *Organ,* 2 Wheat. 195; *Brodgen* v. *Walker,* 2 Har. and J. 285; *Coon* v. *Atwell,* 46 N. H. 510; *Burtered* v. *Farrington,* 36 Minn. 320, 31 N. W. 360; *Armstrong* v. *White,* 9 Ind. App. 588, 37 N. E. 28; *Chase* v. *Houghton,* 93 Mich. 285; *Rimer* v. *Dugan,* 39 Miss. 477; *Jackson* v. *Collins,* 39 Mich. 557; *Calvin* v. *Reid,* 18 Mo. App. 115; *White* v. *Landon,* 90 Hun. 218; *Stoner* v. *Richmond,* 21 Mo. App. 17; *Nowlin* v. *Snow,* 40 Mich. 699; *Weidner* v. *Phillips,* 39 Hun. 1; *Moore* v. *Recek,* 163 Ill. 17; *Cox* v. *Gerkins,* 38 Ill. App. 341; *Bigler* v. *Flickinger,* 55 Pa. 279; *Mudsill Minn. Co.* v. *Watrous,* 22 U. S. App. 12, 61 Fed. 163; *Wright* v. *Wright,* 37 Mich. 55; *Grim* v. *Byrd,* 32 Gratt 293; *Rorer Iron Co.* v. *Trout,* 83 Va. 397; *Bennett* v. *Judson,* 21 N. Y. 238; *Craig* v. *Ward,* 36 Barb. 377; *Chamberlain & Co.* v. *Rankin,* 49 Vt. 136; *Maynard* v. *Maynard,* 49 Vt. 297; *Davis* v. *Jenkins,* 46 Kan. 19; *Martin* v. *Jordan,* 60 Me. 532; *Messer* v. *Smith,* 59 N. H. 41.

"Whether the representation was merely an expression of opinion or belief, or was an affirmation of a fact to be relied upon, is usually a question for the jury, so ordinarily it is for the jury to say whether representations as to value * * * are statements of fact or of 'opinion.' " 20 Cyc. 124; *Johnson* v. *Cate,* 75 Vt. 100; *Wakeman* v. *Dalley,* 44 Barb. 147; *Myers* v. *Hart,* 10 Watts 104; *Huntzinger* v. *Harper,* 44 Pa. St. 204; *Graham* v. *Hollinger,* 46 Pa. 55; *Yates* v. *Alden,* 41 Barb. 172; *Sturtevant* v. *Ballard,* 9 Johns. 337; *Busch* v. *Wilcox,* 82 Mich. 315; *Johnson* v. *Armstrong,* 50 Mich. 65; *Bank* v. *Hiatt,* 58 Cal. 234; *Moses* v. *Katzenberger,* 84 Ala. 95; *Banta* v. *Savage,* 12 Nev. 151; *Floyd* v. *Paul,* 12 Am. L. Rec. 231; *Ingalls* v. *Miller,* 121 Ind. 188; *Martin* v. *Jordan,* 60 Me. 531.

*Frank L. Fish* and *Brown & Hopkins* for the defendant.

Plaintiffs' evidence relative to reselling the farm was properly excluded as too remote; and, besides, defendant was plaintiffs' witness and could not be impeached by them, especially on a collateral issue. *Stevens* v. *Beach,* 12 Vt. 585; *Powers* v. *Leach,* 26 Vt. 277; *Fairfield* v. *Bascom,* 35 Vt. 405; *Alger* v. *Castle,* 61 Vt. 53.

Representations having reference to the future merely, however much relied on, do not constitute a cause of action. *Shanks* v. *Whitney,* 66 Vt. 405; Smith, Law of Fraud, §7, p. 17, §68, p. 97 and note 13; *Saunders* v. *McClintock,* 46 Mo. App. 216; *State Bank of Ind.* v. *Mentzer,* 125 Iowa 101. In the same class are to be placed statements in regard to the amount of crops a given piece of land will produce. *Holton* v. *Noble,* 83 Cal. 7; *Kendall* v. *Scott,* 70 Cal. 514; *Gordon* v. *Parmalee,* 2 Allen 214; and statements in regard to the amount of wood that could be cut from a piece of land. *Mooney* v. *Miller,* 102 Mass. 217; *Currey* v. *Keyser,* 30 Ind. 214; *Adams* v. *Soule,* 33 Vt. 538; *Gordon* v. *Butler,* 105 U. S. 553; *Holbrook* v. *Connor,* 60 Me. 578; *Palmer* v. *Bell,* 85 Mo. 352; *Schumaker* v. *Mather,* 133 N. Y. 590; 20 Cyc. 17, note 51; *Randall* v. *Farnum,* 52 Vt. 539; *Lovelace* v. *Suter,* 93 Mo. App. 429.

POWERS, J. This is an action on the case for deceit in the sale of a farm situated in Bristol and Starksboro known as the Eddy Farm. In the winter of 1900, the plaintiffs were living on a farm in Ferrisburgh which they had bought of the defendant and wished to buy a larger one. The defendant, as administrator of his father's estate, had the control and sale of the Eddy Farm, and negotiations were opened for its purchase by the plaintiffs. Albert Belka visited the farm with the defendant, and a little later went there with his wife, and still later consummated a trade for the place with the defendant at the price of $4,000—which included a few head of stock and some farming tools. The plaintiffs paid down a part of the purchase price, and gave a mortgage on the place for the balance—$3,375. This mortgage was assigned to F. H. Farrington, and the condition thereof having been broken, foreclosure proceedings were begun against the plaintiffs in the fall of 1901, and a decree passed

thereunder with redemption limited to some time in the spring of 1902. The farm proved to be unproductive and the plaintiffs were unable to redeem the place, and left it at the expiration of the equity. At the trial the plaintiffs relied upon and sought to prove the following representations alleged to be false and fraudulent:

(1) That the farm kept regularly twenty-five cows, several head of young cattle, and a team;

(2) That hay for the support of said stock had never been bought save during that season; and that that was the first time the farm was ever short of hay,—which shortage was due to the mismanagement of the tenant then occupying the place;

(3) That the sugar place produced an average yield of from 2,000 to 3,000 pounds per year;

(4) That there was wood and timber enough on the farm to pay for it at the price asked;

(5) That the farm raised between three and four hundred bushels of potatoes per acre as an average crop;

(6) That a certain lane leading to the pasture on the farm was a part of the farm;

(7) That the six cows which went with the farm were number one cows;

(8) That the farm was a very good and productive one;

(9) That the south line of the farm lay in a certain location then pointed out.

1. The plaintiffs called the defendant as their first witness. They asked him, without objection, if he did not, at a time and place named, and after the Belkas had defaulted payment, tell Mr. Belka that if he would remain on the place, he, the witness, would sell the farm to him under a new trade at $2,000, and treat the $625 already paid as a payment on the new purchase. The witness denied that he made such a proposition. Later on when Albert Belka was on the stand, his counsel offered to show by him that the defendant did in fact make him the proposition above set forth at the time and place named. This offer was put upon the ground that it tended to establish the true value of the farm, that it was an implied admission of false representations in the original trade, and that it tended to impeach the defendant by contradicting his testimony regarding the matter. It was objected to on the ground that it was too remote to be an index

of value, that conditions had changed, that the personal property had disappeared, and that the plaintiffs could not contradict the defendant on this point,—it being an immaterial matter.

If a new sale of the farm had been consummated on the terms embodied in this proposition, it would have been legitimate evidence of the value of the property at that time. *Hildreth* v. *Fitts*, 53 Vt. 684; *Crampton* v. *Marble Co.*, 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120; *Rawson* v. *Prior*, 57 Vt. 612. And however it might have been had the proposed evidence been of an unaccepted offer made by a third party, the defendant's own offer, indicating as it did his estimate of the value of the farm, was admissible against him as an admission, provided the question of value was material and the evidence offered did not relate to a time too remote to be of probative value. 16 Cyc. 1136. And the question of value was material for the measure of damages would be, if recovery was had, the difference between the value of the land as it was and as it would have been had the representations been true. *Shanks* v. *Whitney*, 66 Vt. 405, 29 Atl. 367.

There is another ground on which the true value of the property at the time of the original sale is important. Gross inadequacy of price is a badge of fraud. *Brown* v. *Sawyer*, 1 Aik. 130. That is to say, it is an indication that the buyer has over-reached the seller,—a suspicious circumstance which may, when considered in connection with the other facts and circumstances in the case, warrant the inference of fraud. Kerr, Fraud, 186 and note; *Deepwater Council* v. *Renick*, 59 W. Va. 343, 53 S. E. 552; *Douthitt* v. *Applegate*, 33 Kan. 395, 6 Pac. 575, 52 Am. Rep. 533. The importance to be attached to it in a given case is, of course, for the trier, and its effect upon the result necessarily depends largely upon the attending facts and circumstances. Conversely, gross exaggeration of price is a badge of fraud,—an indication that the seller has over-reached the buyer;—a circumstance calculated to arouse a suspicion of fraud, and is admissible in evidence as such. The proposed evidence tended to show that the defendant offered to resell the farm to the plaintiffs for one-half the former price. This, if true, was a circumstance which the jury had a right to consider in connection with the other evidence on the main question.

But it is insisted that the evidence was too remote. It related to a time something like two years after the original sale of the farm. Ordinarily the question of remoteness is for the trial court and not reviewable. *State* v. *Doherty,* 72 Vt. 381, 48 Atl. 658, 82 Am. St. Rep. 951; *Smith* v. *Ry. Co.,* 80 Vt. 208, 67 Atl. 535. But here the ruling was made expressly as a matter of law, so it is reviewable. We do not think the evidence offered was too remote. It is true as urged that the conditions had changed somewhat, and some of the personal property had disappeared, but there is not shown to have been and in the nature of things there could not have been such a material change in the value of the farm in the two years as to affect appreciably the probative value of the evidence offered. It could all have been made plain to the jury and such inference drawn as the circumstances required.

2. The plaintiffs offered to show that ''there is only a small amount of wood and timber on the farm—entirely inadequate to pay for the same; such in the aggregate as to comprise only a small amount in value.'' This offer was made both to show the true value of the farm, and to substantiate the fourth ground of recovery above specified. The offer was objected to on the ground that the representation relied upon was mere matter of opinion and so not actionable, and that the evidence offered was immaterial. It was excluded subject to the plaintiffs' exception.

We agree with counsel for the defendant that a representation, though false and fraudulent, will not support an action unless it be of a past or present fact and not a mere expression of opinion. *Shanks* v. *Whitney,* 66 Vt. 405, 29 Atl. 367. It is true, too, as argued by the plaintiffs, that as a general rule the question whether a given statement is one of fact or opinion is for the jury. 20 Cyc. 124. But it is not always so. Cases frequently arise which are so plainly of the one class or the other that they can be disposed of by the court without the aid of the jury. Such cases have been classified with some accuracy, but after all such attempted classification is not of much assistance in testing a given statement; for, as said in *Reeves* v. *Corning,* 51 Fed. 774, there is no certain and unbending rule which can be applied to all cases. The character and relation of the parties, their respective intelligence, the subject-matter of the bargain, and all the circumstances must be considered. So each case

must necessarily depend in a large measure upon its own facts. A statement which is in form only an expression of opinion, may in certain circumstances amount to an assertion of fact; and conversely, a statement which is in form an assertion of fact, may in certain circumstances amount to an expression of opinion merely. Statements of quantity, quality and value are usually held to be expressions of opinion and therefore not actionable. Statements as to the character, adaptability or productiveness of the soil of a farm are usually held to be mere expressions of opinion.

Thus in *Gordon* v. *Parmelee,* 2 Allen 212, which was an action on a note given for the price of a certain piece of land, against which the defendant sought to recoup damages arising from the false representations of the plaintiff in the sale of the land, the defendants offered to show that the treaty for the purchase was made when the ground was covered with snow, and that the plaintiff falsely represented that the farm was of a soil and a capacity for productiveness and the keeping of stock greatly superior to what it was in fact,—all of which was excluded. It was held that these representations were not actionable.

In *Longshore* v. *Jack & Co.,* 30 Ia. 298, it was held that a representation, though false, that a certain piece of land carried six hundred cords of wood would not support an action.

In *Mooney* v. *Miller,* 102 Mass. 217, it was held that a false representation made by a seller of a lot of land as to the quantity of wood and hay that could be cut from it was not actionable.

But in *Whitton* v. *Goddard,* 36 Vt. 730, there was a demurrer to the declaration which charged the defendant with fraud in a sale of land by falsely representing that it had growing upon it 3,000 spruce logs. It was held that the demurrer would not lie, for the question whether or not the representation was in its nature a matter of opinion only, would depend upon the circumstances shown by the proofs.

The statement here involved is much more general and indefinite than the one in *Whitton* v. *Goddard,* and there are no circumstances shown by this record to take it out of the general rule above referred to. So we hold that the statement that this farm carried wood and timber enough to pay for it,—depending as it must have upon estimate and judgment alone, and that

predicated upon data uncertain if not conjectural,—was so plainly a mere expression of opinion and recommendation that the court below committed no error in ruling that it would not support this action. As evidence to support the allegation referred to, therefore, the offer was properly excluded. But on the other ground specified, the offered evidence was admissible. For reasons already stated, the real value of the farm was a material question; and to determine that it was important to know whether there was much or little wood or timber on the place, as this would directly affect its value.

At the close of the plaintiffs' case, on the defendant's motion and subject to the plaintiffs' exceptions, the court withdrew from the consideration of the jury six of the allegations of the declaration hereinbefore set forth. Of these the plaintiffs now seek to save only those relating to the following subjects: The productiveness of the sugar place; the quantity of wood and timber; the average potato yield; the quality of the six cows.

We have already sufficiently discussed the allegation regarding the wood and timber. As for the others, we need only say that the transcript which is referred to in the bill utterly fails to show upon what ground the action of the court in withdrawing these allegations was. predicated. The bill itself states that "the court ruled that these allegations should be taken out of consideration in the case on the ground that they either were not in themselves actionable or that they had not been · sufficiently supported by evidence to make them so in this case." But which allegations were held to be unsupported by evidence and which were held to be insufficient to support the action, we are not informed. We are, consequently, entirely unable to review the action of the court below, for we do not know what its rulings were. In such circumstances this Court will not speculate or surmise; it will solve the doubt against the excepting party. *Stoddard* v. *Insurance Co.,* 75 Vt. 253, 54 Atl. 284.

The plaintiffs complain of the charge wherein the jury was instructed that a representation to be actionable must be of an "existing fact," and they insist that this instruction was erroneous without an explanation so extending actionable misrepresentations as to include past events. This point is not before us. No exception was taken to the charge in this respect, though the record does show that counsel for the plaintiffs called the court's attention to the point and explained their claim about it.

The court charged the jury that there could be no recovery on Belka's statement regarding the number of cows the farm would keep, for the reason that as he stated it it applied only to the future. The evidence referred to came in in this way: Belka was asked, "Anything said at that time about the number of cows the place would keep?" and he replied, "He told me it would keep 25 cows." In the circumstances, this language, we think was susceptible of a construction making it applicable to the present as well as the future. Its meaning, therefore, was for the jury, and it could not be said as matter of law that it referred to the future only. The other exceptions to the charge are not sustained.

*Reversed and remanded.*