DANIEL F. DONOVAN v. WILMER TOWLE.

May Term, 1926.

Present: POWERS, SLACK, and FISH, JJ., and MOULTON and GRAHAM,
Supr. JJ.

Opinion filed October 6, 1926.

*Necessity of Stating Ground of Error Below—Fraud—Remarks
of Court—Measure of Damages in Fraud—Harmless Error
—Receiving Admissible Evidence Under Erroneous Theory
—Evidence Admissible as Foundation for Impeachment—
Erroneous Statement of Law by Court in Admitting Evi-
dence Cured by Proper Instruction—Price Paid as Evidence
of Value—Presumption That Answer Was Given Before
Objection—Admissibility of Book Used to Refresh Recollec-
tion of Witness—Necessity of Reliance on Fraudulent Repre-
sentations—Jury Question—Damages.*

1. Supreme Court will not consider ground of alleged error not
stated in exception below.

2. In action for fraud in sale of farm, remarks of court, in disposing
of objection to question asked one of plaintiff's witnesses on
cross-examination as to what plaintiff had paid for farm, hold-
ing such question and other evidence proposed to be shown in
connection therewith admissible as bearing upon credibility of
witness' testimony as to value of farm, *held* not to have
prejudiced plaintiff, question having been withdrawn.

3. In such action, fact that farm was fairly worth price paid for it
would not bar recovery, as plaintiff was entitled to benefit of
his bargain.

4. In such action, measure of damages is difference between value
of property as it actually was and its value had it been as
represented.

5. A judgment will not be reversed where evidence received under
an erroneous theory is otherwise admissible.

6. In action for fraud in sale of farm by misrepresentation of acre-
age, where witness for plaintiff had testified as to difference in
value between farm as represented and as it actually was, in-
quiry on cross-examination as to witness' judgment of fair and

reasonable value of farm when purchased by plaintiff was material on question of damages, as laying foundation for introduction of other evidence tending to show a smaller discrepancy in value between the actual and represented acreage of farm than that claimed by plaintiff, though defendant offered no evidence of value of farm had it been as represented.

7. Although court admitted such evidence under an erroneous theory of law, and in addressing counsel in connection therewith incorrectly stated law, *held* that prejudicial error did not appear, where court subsequently charged jury plainly and accurately as to correct rule of law applicable.

8. In action of fraud in sale of farm, where farm and personal property were sold for a lump sum, evidence of value of personal property was properly admitted to show value of real estate, entire purchase price having been shown, as price tends in some measure to show value.

9. In absence of showing to contrary, it will be presumed that answer was given before an objection was interposed, where transcript so shows.

10. In action for fraud in sale of farm, where witness, one of three selectmen who had appraised farm and stock, refreshed his recollection from the appraisal book, and testified to amount and value of stock, admission of appraisal book, against objection as to entry showing appraisal of farm itself because witness had not testified upon subject, *held* without error, where before book was shown to jury court excluded items as to real estate.

11. In action for fraud, there can be no recovery for representations known to be false by person to whom made, or for false representations upon which no reliance is put.

12. In action for fraud in sale of farm, questions of plaintiff's knowledge of farm and reliance on representations made *held* for jury.

13. In action for fraud in sale of farm, where only evidence of difference in value of farm as it was and as represented was evidence of plaintiff's witnesses that difference was certain sum, instruction to jury from which they could conclude that they were at liberty to reduce difference in value by value of personal property included in sale, *held* erroneous.

14. Although, ordinarily, where verdict is for defendant, error in stating rule of damages will be considered harmless, rule *held*

otherwise in action for fraud in sale of farm, where no re-
covery could be had unless damages was shown, thus making
error prejudicial.

ACTION OF TORT for fraud in sale of farm. Plea, general
issue. Trial by jury at the November Term, 1924, Orange
County, *Willcox, J.,* presiding. Verdict for defendant and judg-
ment thereon. The plaintiff excepted. The opinion states the
case. *Reversed and remanded.*

*Shields & Conant* for the plaintiff.

*H. W. Hastings* for the defendant.

MOULTON, Supr. J. This is an action for fraud in the sale
of a farm and the personal property thereon, situated in Pier-
mont, New Hampshire. Trial was had by jury with verdict and
judgment for the defendant. The plaintiff brings exceptions.

The fraud consisted in the alleged misrepresentation of the
acreage of the farm, the claim being that, during the preliminary
negotiations for the purchase by the plaintiff, the defendant
stated that the farm contained five hundred and fifty acres, and
that when the deed was prepared he represented it as five hun-
dred acres. The undisputed evidence showed that the farm was
of less than four hundred acres, the witnesses differing only as
to the exact amount.

The first exception briefed relates to a question asked on
cross-examination of a witness called by the plaintiff. This wit-
ness had testified, on direct examination that, in his opinion, if
the farm had contained five hundred acres, it would be worth
$2,500 to $3,000 more than it was with the acreage as the plain-
tiff's evidence had tended to show. On cross-examination he was
asked whether he knew what the plaintiff had paid for the farm.
On objection being made, defendant's counsel stated that he ex-
pected to ask the witness whether in his opinion the plaintiff
paid more than the farm was worth, and whether he had not
stated to the defendant shortly after the sale was made, that he
would have been willing to pay the plaintiff $500 for his trade.
In the course of the discussion over the admissibility of the
offered evidence, the court said, ''That will be proper for you to
show that, bearing upon his credibility as to the testimony he

gives now as to the value of the farm." The plaintiff excepted to the foregoing statement by the court, and claimed that there was no question of the credibility of the witness. The question was thereupon withdrawn.

[1, 2] The plaintiff urges that there was error, in that it was brought prominently before the mind of the jury that it was proper for them to consider the value of the farm at the time of the purchase. But this was not the ground, stated in the exception, and so is not here considered. The court proposed to admit the offered evidence as impeaching the witness. Whether admissible for this purpose, we need not consider since the question was withdrawn. It is enough to say that prejudice to the plaintiff from the remarks of the court in this connection, does not affirmatively appear.

The same witness was asked in cross-examination, "What in your judgment was the fair and reasonable value of the Towle Farm at the time Mr. Donovan bought it?" In allowing the question the court said: "There can be no recovery here unless there has been some injury. I think this question is a proper question. If he got value worth for what he bought, I think it is important to determine whether the farm was fairly worth what he paid for it or not." The plaintiff thereupon excepted to the admission of the evidence, and to the language as used by the court in making the ruling. The witness answered, "$7,500 to $8,000."

[3-6] If the language used by the court is to be construed as meaning that if the farm was fairly worth the price paid for it, there could be no recovery, it was an erroneous statement of the law. The plaintiff was entitled to the benefit of his bargain, and, if entitled to recover, the measure of damages would be the difference between the value of the property as it actually was, and as it would have been, if as represented, *McDonald* v. *McNeil*, 92 Vt. 356, 358, 360, 104 Atl. 337; *Turner* v. *Howard*, 91 Vt. 49, 52, 99 Atl. 236; *Belka* v. *Allen*, 82 Vt. 456, 461, 74 Atl. 91; *Shanks* v. *Whitney*, 66 Vt. 405, 413, 29 Atl. 367; *Bowman* v. *Parker*, 40 Vt. 410, 413, 414. But a judgment will not be reversed where evidence received under an erroneous theory is nevertheless otherwise admissible. *In re Estate of Martin*, 92 Vt. 362, 365, 104 Atl. 100; *Fairbanks* v. *Stowe*, 83 Vt. 155, 160, 74 Atl. 1006, 138 A. S. R. 1074. The offered evidence was material on the question of damages, as laying the foundation for

the introduction of other evidence tending to show a smaller discrepancy in value between the actual and represented acreage of the farm than that claimed by the plaintiff (*Belka* v. *Allen*, 82 Vt. 456, 74 Atl. 91), and its admission was not error, though defendant offered no evidence of the value of the farm if it had been as represented.

[7]    Prejudicial error does not appear in the language of the court, of which the plaintiff complains. True, it was not a correct statement of the law, but an examination of the charge to the jury discloses the fact that the rule was plainly and accurately stated, in accordance with the language of the cases cited above. It cannot be supposed that the jury were influenced by a remark of the court, addressed to counsel during the course of a discussion upon a question of law, in the light of the explicit language directed to them in the charge. It has been held that an erroneous statement in a charge may be cured by a subsequent correct statement therein. *Ide* v. *B. & M. R. R.*, 83 Vt. 66, 74 Atl. 401; *Graves* v. *Waitsfield*, 81 Vt. 84, 69 Atl. 137. How much more, then, may an incorrect statement of law, not addressed to the jury, but to counsel, be cured by an explicit and correct exposition of the same point in the charge?

On cross-examination of one of the plaintiff's witnesses, he was asked as to the value of the farm at the time of the sale. Subject to the objection that the question of value was not in the case, and that the fraud was in the misrepresentation of the acreage, he was permitted to answer. That the question of value was material we have already seen. This exception is without merit.

[8]    The sale included the real estate and personal property thereon for a lump sum. Evidence of the value of the personal property was therefore properly admitted to show the value of the real estate, the entire purchase price having been shown. Price tends in some measure to show value. *Smith* v. *Martin*, 93 Vt. 111, 130, 106 Atl. 666; *Crampton* v. *Valido Marble Co.*, 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120; *Belka* v. *Allen*, 82 Vt. 456, 74 Atl. 91; *Hildreth* v. *Fitts*, 53 Vt. 684; *Rawson* v. *Prior*, 57 Vt. 612. Evidence of value of the personal property first appeared in the case by the testimony of the plaintiff himself in his direct examination.

[9]    On cross-examination the plaintiff testified to changes in the personal property, after he had purchased, by the dis-

posal of some of the items on the farm at that time, and the addition of others. He also testified to the repairs made by him, and gave an estimate of the amount expended by him for this purpose. He was then asked, "Did you sell (the farm and personal property) to Tyler for $12,000?" The transcript shows that the answer, "Yes, sir," was given before an objection was interposed, and, in the absence of a showing to the contrary, this would be presumed to be the case. *Ford* v. *Hersey et al.*, 92 Vt. 405, 412, 104 Atl. 875. No ground for the objection was stated, but it is now urged that because the court had excluded an offer by the plaintiff to show, as an element of damages, that he sold the farm to Tyler, telling the latter that he supposed it to contain 500 acres and that the latter recovered damages against him in the New Hampshire court, by reason of the misrepresentation as to the acreage, which damages were directly traceable to the misrepresentations of the defendant, he, the plaintiff was deprived of an opportunity to explain the situation as to the sale by him to Tyler. It is enough to say that the ground of objection was not made below, and therefore is not to be considered here. *Arnold* v. *Somers*, 92 Vt. 512, 524, 105 Atl. 260.

The plaintiff briefs several exceptions taken to questions asked upon cross-examination of the plaintiff, with regard to his estimate of the value of the personal property purchased of the defendant, at the time of the sale to Tyler. The grounds stated were that conditions and values had changed, that the matter was too remote, and that the value of the personal property was immaterial, and not the subject of the suit. It is enough to say that reversible error does not appear. The cross-examination lay in the discretion of the court, and abuse thereof is not shown. That the value of the personal property, at the time of the transaction here in question, was material, in view of the single and indivisible consideration for the sale of both real and personal property, we have already seen.

The question, "When you sold the personal property on this place to Mr. Tyler, you got $6,600?" was excluded upon objection by the plaintiff, who now urges that the asking thereof was under circumstances of the case prejudicial error. But no such objection or exception was taken below, and the transcript shows that the plaintiff was apparently satisfied with the ruling in his favor. No error appears. *LaFlam* v. *Missisquoi Pulp Co.*, 74 Vt. 125, 141, 142, 52 Atl. 526.

[10]    The defendant called as a witness one who had been a selectman of the town of Piermont, N. H., and as such, with two other selectmen had appraised the farm and stock thereon, for purpose of taxation, in the year 1919.   He produced the appraisal book, in which the entries had been made at the time of the appraisal, and were in his handwriting which, he testified, would refresh his recollection as to the items appraised.   Refreshing his recollection therefrom, he testified to the amount and value of the stock on the farm.   Certain pages of the book were then offered in evidence, and plaintiff's counsel having first stated that he had no objection to the admission of those entries to which the attention of the witness had been called, objected to the admission of the entry showing the appraisal of the farm itself, since the witness had not testified upon the subject; and further, to the admission of any part of the pages offered because the figures from which he had refreshed his memory, were not made as of his own judgment, but as of the judgment of all three selectmen, and therefore inadmissible as evidence for any purpose except to refresh his recollection.   The pages were received in evidence, and the plaintiff excepted.   Later on in the trial, and, so far as appears, before the book was shown to the jury, the court excluded the items as to the real estate, plaintiff's counsel again stating that he had no objection to the entries concerning which the witness had testified.   No error appears.

In the charge to the jury the court said, ''For if by his own observation and knowledge of the farm, the plaintiff knew that the acreage of said farm was not as represented, recovery cannot be had; or if he did not rely upon that statement, there was no deception.''   The plaintiff excepted to this instruction, on the grounds that there was no evidence that the plaintiff knew that the representations were false; that upon the uncontradicted evidence he did not rely upon his own knowledge or judgment, but upon the statements claimed to have been made by the defendant.

[11]    That the language of the court was a correct statement of the law cannot be gainsaid.   There can be no recovery for representations known to be false by the person to whom made, or for representations even though false, upon which no reliance is put.   In such cases there is no deception; hence, no right of action.   *Arnold* v. *Somers,* 92 Vt. 514, 521, 105 Atl. 260; *Hunt* v. *Lewis,* 87 Vt. 528, 530, 90 Atl. 578, Ann. Cas. 1916C,

170; *Johnson* v. *Cate*, 75 Vt. 100, 103, 53 Atl. 329; *Shanks* v. *Whitney*, 66 Vt. 406, 410, 29 Atl. 367.

[12] The evidence on the part of the defendant tended to show that he did not make the positive assertion that the farm contained 550 acres, but that he stated that he supposed or thought so. The evidence further tended to show that the plaintiff had been accustomed to pass and call at the farm frequently over a period of twenty years, and that he had had the farm gone over by others, and estimated for him, before the purchase. Under these circumstances the questions of plaintiff's knowledge, and reliance, were for the jury.

[13] After stating to the jury the rule of damages—the difference between the value of the farm as it was, and as it would have been if as represented—the court said: "And in determining what that difference was, you will have in mind what the evidence discloses as to the value of the farm as it was, and the value had it been as represented. Also in that connection, you will consider the evidence relating to the value of the personal property which was included in the sale of the farm." Plaintiff excepted to what was said about the personal property, because that had nothing to do with the value of the farm.

The court's object in calling the attention of the jury to the value of the personal property is not clear. True, the farm and personal property were sold for one undivided sum. The value of the farm was material when offered as we have seen, as a basis of comparison with the value if it had contained the increased acreage. It was competent for the defendant to introduce such evidence for the purpose of minimizing the damages claimed to have been suffered by the plaintiff. But as the case stood, the only evidence of the difference in value was that introduced by the plaintiff. The defendant and his witnesses had testified to the value of the farm and personal property at the time of the sale, but no evidence tending to show a lesser difference in value than that claimed by plaintiff had appeared. The plaintiff's witnesses had fixed no money value of the farm if as represented, but had said merely that in such case it would be worth $2,500 to $3,000 more than it actually was.

Under these circumstances, the actual value of the farm and personal property, although evidence had been received as to the value of both, had ceased to be an element in the case.

The jury might well have understood from the charge above

quoted that they were at liberty to reduce the difference in value as found by them as to the farm by what they might determine to be the value of the personal property; and this was error.

[14] Ordinarily, where the verdict is for the defendant, an error in stating the rule of damages will be considered to be harmless. But this is a fraud case. There could be no recovery unless damage was shown. *Childs* v. *Merrill*, 63 Vt. 463, 468, 22 Atl. 626, 14 L. R. A. 264; *Nye* v. *Merriam*, 35 Vt. 438.

The court charged the jury upon this point, saying to them that ''the complaining party in order to recover must have been injured as a result of the fraudulent transaction complained about, and this is so because fraud without damage, or damage without fraud, will not sustain this action.''

The evidence tended to show that the value of the personal property was at least as great as the difference in value of the farm claimed by the plaintiff. It is entirely possible, and we think probable, that the jury took this view, and, having found no damages under the instructions, based their verdict upon this theory.

Indeed, from the prominence given by the defendant to evidence of the value of the farm and personal property, it is apparent that his case proceeded upon the theory that the value of the personal property might be considered in the reduction of damages. In these circumstances, it must be held that the error was prejudicial, and consequently, the entry must be,

*Reversed and remanded.*