LAND FINANCE CORPORATION *v.* ST. JOHNSBURY WIRING CO.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed October 1, 1929.

*Sumner E. Darling, Jr.,* for the plaintiff.

*Searles, Graves & Waterman* for the defendant.

WILLCOX, J. This is an action of contract founded upon a trade acceptance, brought by the indorsee thereof. The proof, in support of the answer, tended to show that the instrument in suit was obtained of the defendant by the Autocrat Sales Corporation, the payee named therein, by means of fraud and misrepresentations, and was subsequently negotiated to the plaintiff in breach of faith and in fraud of the defendant.

The plaintiff, to meet the case made by the defendant, offered proof to establish that he was a holder in due course, and for this purpose it~devolved upon the plaintiff to disclose the facts and circumstances attending the transfer from the original payee to the plaintiff, from which good or bad faith in the transaction might be inferred. *Howard National Bank* v. *Wilson,* 96 Vt. 438, 453, 120 Atl. 889.

Trial was by jury, with verdict for the defendant. The plaintiff brings the case here on exceptions and has briefed

eight points for review. The first three are of the same general character and are considered together. They relate to the exclusion of certain parts of the deposition of one Leonard Blumberg, the president and treasurer and owner of all the stock of the plaintiff corporation. The answers were objected to by the defendant on the ground that they embraced matters of hearsay and were excluded by the court. In this there was no error, for by the excluded answers the witness stated as a fact matters which must have been communicated to him by others or which must have been based upon mere inferences of the witness himself. *McCarthy's Admr.* v. *Village of Northfield,* 89 Vt. 99, 94 Atl. 298, Ann. Cas. 1918A, 943; *Gilfillan* v. *Gilfillan's Estate,* 90 Vt. 94, 99, 96 Atl. 704.

The claims of the plaintiff now made in this Court were not urged below. Alleged ground of error not urged in trial court will not be considered in Supreme Court. *Royal Bank* v. *Girard,* 100 Vt. 117, 135 Atl. 497; *Donovan* v. *Towle,* 99 Vt. 464, 134 Atl. 588; *Grapes* v. *Willoughby,* 93 Vt. 458, 108 Atl. 421.

Exceptions 4 and 5 briefed by the plaintiff relate to the exclusion of two answers given by same witness in said deposition and are:

"It now definitely appears that the amount to be realized will be insufficient to pay the amount which the Land Finance Corporation has actually paid for those trade acceptances in cash, after deducting litigation expenses, the disbursements already incurred and paid, and there is at present a loss facing the Land Finance Corporation on the transaction of an approximation of about $10,000."

"We insisted that they pay us for the protested paper, but could not collect from them. We subsequently brought suit against them in several instances, but they became defunct and went out of business and we could not collect from them."

The plaintiff, in offering these answers, insisted that it had suffered a severe loss at the hands of the Autocrat Sales Corporation, the same as the defendant; that this fact had a bearing on plaintiff's claim that he took the trade acceptance in good faith. The mere fact that it subsequently turned out that the plaintiff lost at the hands of the Autocrat Sales Cor-

poration was wholly immaterial and irrelevant to the issue, which was, did the plaintiff purchase the trade acceptance in good faith?

Against the objection and exception of the plaintiff the defendant was permitted to read to the jury certain questions put in cross-examination and answers given by Blumberg in a case tried in Chittenden County, entitled *Land Finance Corporation* v. *Sherwin Electric Company*. The Chittenden County case was a suit on a similar trade acceptance, and Blumberg was improved in that case as a witness in behalf of the plaintiff corporation, and in direct and cross-examination explained in detail his part in the purchase of trade acceptances from the Autocrat Sales Corporation, including the trade acceptance there sued on and the one here sued on. In the instant case, as shown above, Blumberg did not appear in person, but the plaintiff offered his deposition in explanation of his part in the purchase of the trade acceptance here sued on. This deposition omitted several features that were testified to by Blumberg when on the stand in the Chittenden County case. In particular, the deposition makes no mention that Blumberg learned that a certain Ætna Finance Corporation had ceased to do business with the Autocrat Sales Corporation; that he, Blumberg, was shown an accountant's report showing the financial standing of the Autocrat Sales Corporation; that Blumberg himself characterized said financial standing as not satisfactory; that no further investigation was made of the Autocrat Sales Corporation. The gist of the testimony of Blumberg in his deposition was that he made the usual investigation before purchasing the trade acceptance in question and purchased the same in good faith and in the usual course of business.

The portions of the testimony of Blumberg given in Chittenden County were properly received in impeachment of what Blumberg said in his deposition relating to the investigation made by him, that the purchase was made in good faith. *Comstock's Admr.* v. *Jacob*, 89 Vt. 133, 94 At. 497, Ann. Cas. 1918A, 465.

To meet this evidence so received the plaintiff offered the whole of the testimony of Blumberg given by him in the Chittenden County case without qualification or without pointing out what part, if any, would explain that part offered by the

defendant. The offer was denied by the court and exception noted. The plaintiff has not furnished this Court with a copy of the testimony referred to, or pointed out in his brief in any way what the testimony was that it claims would have explained the testimony received. We have nothing before us to pass on, and give no consideration to this exception. *Temple* v. *Atwood,* 100 Vt. 371, 137 Atl. 321.

After verdict the plaintiff moved that the verdict be set aside and a new trial granted on three grounds, *viz.*:

1. There was no evidence in the case to support the verdict of the jury.

2. That the verdict of the jury was against the weight of the evidence adduced at the trial of the case and against the instructions of the court.

3. The plaintiff's evidence established he was a holder in due course and there was no evidence adduced in the case from which the jury had a right to infer that the plaintiff did not take the trade acceptance in good faith.

We consider the three points together. What was said by this Court in *Land Finance Corporation* v. *Sherwin Electric Company,* reported in 101 Vt. 114, 141 Atl. 598, under paragraph 5, wherein that case was reversed after a directed verdict for the plaintiff, applies with full force to the instant case; for here, as there, the circumstances and details bearing upon the good or bad faith exercised in the purchase of the trade acceptance was in issue, and was clearly a jury question upon all the evidence.

*Judgment affirmed.*